Bergan, J.
Respondent was convicted at General Sessions in New York County of murder in the second degree and was sentenced June 22, 1960 to 25 years to life. The homicide grew out of a youthful gang fight. Defendant was then 17 years old.
Proof of his stabbing a member of another gang, Julio Rosario, who died from the wounds, is established both by an eyewitness, who testified she saw defendant stab the deceased twice in the back with a knife, and by admissions to the police and an assistant district attorney, and the sufficiency of the proof of guilt is not disputed on this appeal. Defendant seeks a “ remand for a hearing on whether appellant’s confession was voluntary ”.
The problem is whether the rule laid down in People v. Huntley (15 N Y 2d 72) applies. There are in this record some things which do and some things which do not meet the criteria stated in Huntley as to ' ‘ trials already concluded It was there laid down (at p. 77): “No Jackson-Denno hearing will be necessary in cases where a confession was admitted without any objection by the defendant or any assertion by him or his witnesses as to voluntariness. Even in these cases, however, if the trial court has charged the jury on voluntariness the issue was in the case and a new hearing is indicated.”
*16 Defendant objected to the admission of the statements given to police on the grounds of coercion, intimidation and involuntariness. Prosecution witnesses were vigorously cross-examined by defendant on the circumstances under which the admissions were taken. Motions were made to strike out the testimony of such admissions and for an instruction to the jury at that stage of the trial to disregard the testimony. These motions were denied.
Although it would normally be expected in the light of these motions that it would be submitted to the jury with instructions to pass on the question of the voluntary nature of the statements, the Judge, out of the presence of the jury, himself introduced this subject by saying: “In reviewing the record, gentlemen, I find nothing in it to suggest any bonafide issue relating to the voluntariness of the statements made to Detective MacParlane or to the answers given to Mr. Reynolds later that morning so as to require the Court to charge the provisions of Section 395 of the Code of Criminal Procedure.”
Then the Judge asked one of defendant’s lawyers this question: “ What is your desire in this matter, Mr. Kestnbaum? ” There followed this colloquy:
“ Mb. Kestnbaum: Your Honor, the defendant does not contend that the statements made to police officers or to the District Attorney were coerced, were involuntary.
“ The Coubt: Am I to infer from that, sir, that you are not requesting any charge along those lines?
‘ ‘ Mb. Kestnbaum : That is correct. ’ ’
In the appeal before the Appellate Division defendant moved for a hearing in the trial court, prior to the argument of the appeal, and in support of this motion submitted an affidavit by Mr. Kestnbaum, one of trial counsel, which is reproduced in the appendix to appellant’s brief. Among other things he said this: “5. Although I was advised-by defendant Castro, my client, that his confessions were in fact coerced, I considered that his case would be prejudiced more than enhanced by his taking the witness stand. It was my experience that a jury very seldom held for a defendant on the basis of coercion of a confession where police or prosecutor testified to a lack of coercion, irrespective of whether the defendant testified. On *17 the other hand, the wide latitude given the District Attorney by way of collateral attack during a cross-examination of defendant Castro in the presence of the Jury, could have, in my estimation, been extremely damaging, and could have, for reasons entirely extraneous to the question of whether the defendant committed the crime alleged, prejudiced not only a chance for acquittal but a chance for a verdict on a lesser degree of the crime alleged. Under the existing New York procedure, I knew that the only way I had to present the defendant’s testimony was in front of the Jury and, therefore, I advised the defendant not to testify.”
We have, then, something similar to the Huntley situation. There was objection to the admissibility of the evidence. The submission of that question to the jury, however, was not only expressly waived, but an affirmative and strategic statement was made that “ defendant does not contend that the statements * * * were coerced, were involuntary ”.
Counsel did this, he stated, in his affidavit at the Appellate Division, as a way of telling the court he would not insist on a section 395 charge and this was “ in immediate response ” to the “ Court’s suggestion ” that there was “ no issue as to coercion
The affidavit further stated that it was not the intention of counsel to compromise the record which had challenged the voluntariness of the confessions. It was, merely, “ in recognition of the failure of an attempted challenge, under the then-existing New York procedure for challenging voluntariness ”.
There was, therefore, no instruction to the jury on voluntariness within the criteria of Huntley. There was no charge on this because counsel had told the court both that such a charge was not requested, and that defendant did not contend the statements of defendant were coerced or involuntary. Thus counsel advisedly took this issue out of the case. The Huntley rule does not require a hearing in such a situation.
It would, therefore, have been no error not to submit the question to the jury; and it is no error in the Appellate Division on reviewing the case not to order a hearing before a Judge.
In an adversary system counsel must be allowed to control the case and if they advisedly follow a particular strategy because they cannot foresee the future direction the law will *18 take which might change the strategic decision, what has been done ought not later readily be undone. If the rule were the other way nothing in the criminal law would ever be settled.
In some respects the case is similar to People v. De Renzzio (18 N Y 2d 45) decided this day. The District Attorney points out the utilization of some aspects of the confessions by defendant’s counsel in summation. This affirmative utilization does not quite reach the level of that in Be Renzsio (supra), but it is consistent with what the defendant’s lawyer had previously told the court: that defendant “does not contend ” that the statements were involuntary.
The judgment should be affirmed.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Scileppi and Keating concur.
Judgment affirmed.